IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **UNITED STATES,** | : |
| v. | : CASE NO:<br>: 7:21-cr-35–WLS-ALS |
| **CHARLES WOOTEN,** | : |
| Defendant. | : |
| _____ | : |

## ORDER

On October 9, 2025, the Court held a final hearing on the U.S. Probation Office's ("USPO") Petition for Warrant or Summons for Offender Under Supervision, as amended (Docs. 2 & 13), seeking to revoke Defendant Charles Wooten's supervised release. This Order memorializes that hearing.

**I.   BACKGROUND**

On February 24, 2005, a five-count Superseding Indictment (Doc. 1-4) was filed against Defendant in the United States District Court for the Southern District of Florida. Defendant was found guilty by a jury of the following offenses and was sentenced on November 9, 2005, as shown below:

| Count | Offense | Imprisonment (all concurrent) | Felony Classification |
|---|---|---|---|
| One | Conspiracy to possess with intent to distribute 500 grams or more of cocaine | 322 Months Counts 1 & 3 | B |
| Two | Conspiracy to commit robbery and extortion | 240 Months | C |
| Three | Attempt to possess with intent to distribute five kilograms or more of cocaine | 322 Months Counts 1 & 3 | A |
| Four | Carrying a firearm in relation to a crime of violence and a drug trafficking crime | 60 Months | A |
| Five | Felon in possession of a firearm | 120 Months | C |

Defendant's term of imprisonment was to be followed by supervised release for a term of five years. However, on September 2, 2020, he was granted compassionate release due to Covid-19, and started his term of supervised release in the Middle District of Georgia September 3, 2020. Defendant's supervision was transferred to this District on July 19, 2021. (Doc. 1).

## II. PETITION

On November 7, 2024, the USPO filed the original Petition for Warrant or Summons for Offender Under Supervision (Doc. 2), which was amended on September 9, 2025 (Doc. 13) (together, the "Petitioner"). The Petition seeks to revoke Defendant Charles Wooten's supervised release. A Bench Warrant was issued November 7, 2024; however, Defendant was not arrested until August 12, 2025. (Doc. 3 & 5). Defendant made his initial appearance before United States Magistrate Judge Alfreda L. Sheppard on August 13, 2025, at which time he was ordered detained pending his revocation hearing. (*See* Text Entry Aug. 13, 2025 & Doc. 11).

The Petition alleges Defendant committed the following seven violations of the terms of his supervised release. The first six were allegedly committed on April 1, 2024, and the seventh on October 9, 2024:

1. Defendant left the judicial district without authorization from the probation officer or Court in violation of Standard Condition # 1 when he traveled to Fayette County, Georgia, as evidenced by his arrest on April 1, 2024.
2. Defendant violated a mandatory condition of supervision by unlawfully possessing methamphetamine.
3. Defendant associated with a person who is a convicted felon without permission of the probation officer in violation of Standard Condition #9.
4. Defendant failed to notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer in violation of Standard Condition #11.
5. Defendant failed to refrain from violation of the law in violation of the mandatory condition of supervision when he committed the offense of Possession of Methamphetamine with Intent to Distribute in violation of O.C.G.A. § 16-13-30(b).
6. Defendant failed to refrain from violation of the law in violation of mandatory condition of supervision when he committed the offense of Window Tint Violation. (O.C.G.A. § 40-8-73).
7. On October 9, 2024, Defendant failed to obtain approval from the probation office before moving to a new residential location in violation of Standard Condition #6.

Violation Nos. 1, 2, 3, 4, 6, and 7 are Grade C violations. (Revocation Rept. ¶ 20).

Violation No. 5 is a Grade A violation. (*Id.*)

### III. REVOCATION HEARING AND COURT'S FINDINGS

At the final revocation hearing on October 9, 2025, Defendant's counsel announced that Defendant intended to admit that he committed Violations No. 1, 3, 4, 6, and 7. Counsel for the Government announced that Violations No. 2 and 5 would be dismissed.

Defendant acknowledged that he had been served with the Petition for revocation and that he had reviewed it with his attorney. The Court advised Defendant of his rights to a hearing on the allegations, and that at such hearing the Government would be required to prove the allegations by a preponderance of the evidence. Defendant was further advised that he would be permitted to present evidence in his defense, that he had the right to testify in his defense if he wanted to do so, but he was not required to testify or present a defense at such hearing. He was further advised that his decision whether to testify or not was his decision notwithstanding any advice from his counsel or others. Defendant acknowledged he understood his rights. The Court also confirmed that Defendant had received the Revocation Report (Doc. 14) ("Report"), reviewed it with his attorney, and had no objections to the Report. Defendant confirmed that he was not being coerced into waiving his rights to a hearing, and that he wished to admit that he committed Violations No. 1, 3, 4, 6, and 7. The Court reviewed each allegation separately with Defendant after which Defendant admitted he committed Violations 1, 3, 4, 6, and 7 and denied he committed Violations No. 2 and 5.

The Court found that Defendant freely, knowingly, and voluntarily waived his right to a hearing and stipulated to Violations No. 1, 3, 4, 6, and 7 of supervised release itemized in the Petition, as amended (Doc. 13) for purposes of the revocation hearing. Counsel for the Government confirmed that Violations No. 2 and 5 were dismissed. The Court found that Defendant's admission of Violations No. 1, 3, 4, 6, and 7 established by a preponderance of the evidence, that Defendant committed the alleged violations of his supervised release, and revoked Defendant's supervised release.[1]

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking supervised release.' This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (alteration adopted) (quoting *United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994)).

3

The Court heard from the Government's and Defendant's counsel with respect to sentencing. Based on Defendant's original Criminal History Category of VI and Grade C violation in the Petition (Docs. 2 & 13), the Defendant's U.S. Sentencing Guidelines range is 8 to 14 months. Based on the totality of the circumstances of this case, including the Guideline range and the factors found at 18 U.S.C. §§ 3553(a) and 3583(e), the Court sentenced Defendant to a term of 12 months imprisonment, with no additional term of supervised release to follow. The Court found this sentence appropriate to reflect the seriousness of Defendant's conduct, promote respect for the law, provide adequate deterrence of criminal conduct, and protect the public.

IV. **CONCLUSION**

For the afore-mentioned reasons, the Government's Petition, as amended (Docs. 2 & 13) is **GRANTED**, and Defendant's term of supervised release is hereby **REVOKED**. Accordingly, Defendant Charles Wooten, is sentenced to 12 months' imprisonment, with no additional term of supervised release to follow.

**SO ORDERED**, this 14th day of October 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**